```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                            ASHEVILLE DIVISION
                             1:09CV41-MU-02
```

```
CARLTON ELISHA NEWTON,,          )
     Petitioner,                  )
                                  )
        v.                        )       ORDER
                                  )
STUART K. WHIDDOR, Sheriff of     )
  the Glades County Jail in       )
  Moore Haven, Florida,           )
     Respondent.                  )
_____ )
```

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . ," filed in this Court on February 2, 2009. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

According to the Petition, in August, November and December of 1996, Petitioner pled guilty and was convicted of numerous drug charges; and in and January and February of 1997, he pled guilty and was convicted of having given fictitious information to a law enforcement officer and having engaged in the unauthorized use of a motor vehicle. On May 4, September 14, and November 3, 1998, the Superior Court of Henderson County sentenced Petitioner to a total term of 8 to 10 months on the felony drug convictions plus 120 days imprisonment on the misdemeanor charges.

Then, after a delay of 10 years, at some point in 2008,

Petitioner filed an appeal in the North Carolina Court of Appeals alleging that he his attorney had been ineffective by failing to inform him of the immigration consequences of his 1996 and 1997 guilty pleas. Not surprisingly, however, that appeal was dismissed on November 20, 2008.

Thereafter, on December 8, 2008, Petitioner filed his first Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 arguing that his attorney was ineffective for having failed to "inform him of the immigration consequence of the plea." (Case No. 1:08CV542-MU, document # 1). Upon its review of that Petition, however, the Court determined that it had to be dismissed due to Petitioner's failure to identify the State officer who had custody over him as required by Rule 2(a) of the Rules Governing Section 2254 Case. Rather, Petitioner merely had identified the Respondent to his Petition as the "Attorney General, State of North Carolina Western Dist. et al.)." In addition, the Court observed that the Petition appeared to be untimely filed; nevertheless, the Court dismissed the Petition solely for Petitioner's failure to comply with Rule 2(a). (Case No. 1:08CV542-MU, document # 3).

Petitioner now has returned to this Court with a virtually identical Petition, again alleging his claim of ineffective assistance of counsel. Notably, however, Petitioner now identifies the Respondent as a Sheriff in Glades County, Florida, where Petitioner is in custody and apparently facing deportation.

Nevertheless, this Court's review of the Petition reveals that Petitioner is not entitled to any relief.

First, it has not escaped the Court's attention that Petitioner has named a Florida resident over whom this Court has no authority as the Respondent to this action. More critically than that, however, Petitioner's Petition also reflects that he no longer is "in custody" on his challenged convictions. Indeed, the Court's review of both the Petition and the public records of the North Carolina Department of Corrections reveals that on December 8, 1998 and February 21, 1999, Petitioner was released from custody after having fully completed his sentences on the convictions which he now is attempting to challenge. Such records further show that no North Carolina detainers are pending against Petitioner at this time; that following his 1999 release from prison, Petitioner sustained at least one more felony drug conviction in October 2000; and that Petitioner fully completed his service of that 2000 sentence and was released from prison on April 24, 2002. Thus, Petitioner clearly cannot meet the "in custody" requirement imposed under § 2254 as the sentences on his 1997 and 1998 convictions have fully expired. See Maleng v. Cook, 490 U.S. 488 (1989) (per curiam) (petitioner is not "in custody" regardless of the lingering consequences once his sentence has expired).

Second, even if Petitioner could overcome the foregoing obstacles, as this Court previously opined, his Petition simply is

3

time-barred. Indeed, by his own representations, Petitioner was sentenced for the last conviction which he seeks to challenge in November 1998, yet he did not attempt to appeal his convictions until November 2008. Thus, even assuming that the 2008 pleading actually was an attempt at a direct appeal, and not an improperly filed motion for collateral review, such effort simply came too late to make a difference for Petitioner. See Minter v. Beck, 230 F.3d 663, 666 (4th Cir. 2000).

That is, under North Carolina law, Petitioner's convictions and sentences became final no later than December 3, 1998, thereby giving him up to and including December 3, 1999 by which to file the instant Habeas Petition. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (the one-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Therefore, because Petitioner did not attempt to pursue an appeal until 2008, those belated efforts could not possibly have breathed new life into his previously expired limitations period.

Last, the Court flatly rejects Petitioner's assertion that his one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 should be tolled because he only recently, through the exercise of due diligence, discovered that deportation is a consequence of his convictions. To be sure, as this Court has noted, Petitioner sustained an additional drug

4

conviction following the convictions about which he now complains. Therefore, even if counsel was deficient for having failed to advise Petitioner of the immigration consequences of the 1997 and 1998 convictions -- and notwithstanding the fact that the signed guilty plea form, which he submitted as an exhibit to this Petition, admonished that "if you are not a citizen of the United States of America, your plea(s) of guilty or no contest may result in deportation the exclusion from admission to this country; or the denial of naturalization under federal law" -- Petitioner cannot establish any prejudice since his 2000 felony drug conviction also subjected him to deportation. See generally Martin v. United States, 395 F.Supp. 2d 326, 329 (D. S.C. 2005) (noting requirement that petitioner alleging ineffective assistance of counsel after entering guilty plea must show that going to trial might "reasonably have resulted in a different outcome.").

Nor, does Petitioner's "actual innocence" argument carry any weight for him. Such a defense which, in any case, does not toll the limitations period, must be based upon a showing of actual, factual innocence, not a claim that Petitioner's guilty pleas are invalid because they were entered without full knowledge of their consequences. See United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (explaining that a claim of actual, factual innocence requires clear and convincing evidence "that petitioner did not commit the crime of which he was convicted.").

In sum, Petitioner does not meet the "in custody" requirement imposed under § 2254 and, in any event, he has no excuse for having filed his Petition so far beyond all conceivable limitations periods. Therefore, this Petition will be dismissed with prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice.**

**SO ORDERED.**

Signed: February 6, 2009

Graham C. Mullen
United States District Judge