IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV41-MU-02

| | | |
|---|---|---|
| CARLTON ELISHA NEWTON, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | ORDER |
| | ) | |
| STUART K. WHIDDOR, Sheriff of | ) | |
|   the Glades County Jail in | ) | |
|   Moore Haven, Florida, | ) | |
|     Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion For Case Status," filed April 9, 2009 (document # 4); on his "Motion For Rehearing/Rehearing En Banc," filed April 24, 2009 (document # 5); and on his "Emergency Motion For Case Status," filed August 3, 2009 (document # 6).

The record of this matter shows that on February 2, 2009, Petitioner filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus. However, upon its initial review, this Court determined that the subject Petition named a Florida resident as the respondent to the action; the Petition was attempting to challenge a 1998 conviction; Petitioner previously had filed a federal habeas action challenging that same conviction; and, in any case, Petitioner had failed to demonstrate that his Petition, even if not successive, was not time-barred. Therefore, by an Order

filed on February 6, 2009, the Court dismissed Petitioner's Petition.

Inasmuch as the Court's Order clearly explained both that Petitioner's Petition was dismissed and the reasons for such dismissal, the instant Motions for Case Status (document ## 4 and 6) will be <u>dismissed</u> as moot. Furthermore, the Court finds that Petitioner's so-called Motion for Rehearing/Rehearing En Banc also must be <u>denied</u>.

That is, Petitioner's assertion -- that even if he filed his Petition "in the wrong venue or under the wrong vehicle, that does not foreclose his being granted the relief due . . ." -- simply is baseless. The fact that Petitioner was asking this Court to exercise authority over a non-resident who had not consented to this Court's authority rendered the Court powerless to take any action, notwithstanding whether or not Petitioner's claims even were cognizable. Petitioner also is wrong in his assertion that "Habeas Corpus lie [sic] for manifest injustice and is not subject to formalities as are other pleadings in post-conviction." In sum, the Court carefully has reviewed Petitioner's Motion for Rehearing and determined that he is not entitled to any additional consideration on his Petition. Therefore, such Motion for Rehearing will be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's two Motion for Case Status (document ## 4 and

6) are **DISMISSED as moot;** and

2. Petitioner's Motion for Rehearing/Rehearing En Banc (document # 5) is **DENIED.**

**SO ORDERED.**

Signed: September 2, 2009

Graham C. Mullen
United States District Judge